IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMANDA CRAVEN,

                              Plaintiff,

        v.                                                      OPINION and ORDER

KARYN KNAAK and                                               24-cv-579-jdp
DANE COUNTY HOUSING AUTHORITY,

                              Defendants.

---

Amanda Craven, proceeding without counsel, alleges that defendant Dane County Housing Authority discriminated against her because of her disability when considering her request to participate in a homeownership program and managing her federally funded housing choice voucher. The court has granted her leave to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is to screen Craven's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). When screening a complaint filed by a litigant proceeding without counsel, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But even under this lenient standard, Craven must allege enough facts to show that she is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). I conclude that Craven fails to state a plausible claim for relief because she does not allege facts that would support an inference that defendants violated her rights. But I will give her the opportunity to file an amended complaint that fixes the problems identified in this order.

ALLEGATIONS OF FACT

Craven's complaint contains few factual allegations about the events underlying her claim. Craven is a disabled resident of Dane County. Craven has received a federally funded housing choice voucher from the Dane County Housing Authority, which manages and distributes funding from the United States Department of Housing and Urban Development (HUD). In August 2023, Craven's request to participate in a home-ownership program through HUD was denied. Craven does not specify whether her request to participate in the HUD home-ownership program was made before or after she received her housing choice voucher.

Despite receiving a housing choice voucher, Craven had difficulty securing housing and had several periods of homelessness. Craven believes that Dane County Housing Authority interfered with her ability to get a lease by having her doctor withdraw a recommendation for Craven to have an office as a reasonable accommodation and by requiring her to request an "exception to payment standard grants" for every property she sought to lease, even if the property was the same price or lower than other properties for which she had already received an exception payment standard from Dane County Housing Authority approved by HUD.

At the end of January 2024, Craven filed a housing discrimination claim against Dane County Housing Authority. Mediation of that claim began in April 2024. Since then, Dane County Housing Authority has failed to respond to Craven's inquiries about the exception to the payment standard and to Craven's request to extend the time to use her voucher.

At the end of June 2024, Craven obtained a lease.

ANALYSIS

Craven's complaint does explain how the Dane County Housing Authority's actions concerning Craven's participation in HUD housing programs relate to her disability or violated her rights. But it appears from the complaint that Craven believes the Dane County Housing Authority discriminated against her by interfering with her ability to use her housing voucher. Craven contends that she is entitled to relief under the Fair Housing Act (FHA), the Americans with Disabilities Act (ADA), and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Craven also contends that she has the right to recover for tortious interference, which is a state-law cause of action. But Craven's complaint does not comply with Federal Rule of Civil Procedure 8 because her allegations do not identify what actions or omissions her claims are based on.

The primary purpose of Rule 8(a)(2) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Craven's allegations don't give defendants fair notice of her claims. "The FHA allows for a plaintiff to bring a claim for discrimination in housing-related activities on the basis of several, prohibited grounds, including race, color, religion, sex, familial status, national origin, and disability." *Kummerow v. Ohawcha.org*, No. 21-CV-635-WMC, 2022 WL 873599, at *3

(W.D. Wis. Mar. 24, 2022); *see also Wetzel v. Glen St. Andrew Living Cmty.*, LLC, 901 F.3d 856, 859 (7th Cir. 2018). Generally, to state a claim for intentional discrimination under the FHA, the plaintiff must identify the type of discrimination she experienced, who participated in it, and when it happened. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). To state a disability discrimination claim under the ADA, the plaintiff must allege that she "is a qualified individual with a disability, that [s]he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of h[er] disability." *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Disability discrimination under the FHA includes the refusal to make reasonable accommodations in services or policies that are necessary for a person with a disability to use and enjoy their housing equally to non-disabled individuals. *Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 782 (7th Cir. 2002). A failure-to-accommodate claim under the FHA has three elements: (1) the plaintiff must have a qualifying handicap; (2) the requested accommodation must be reasonable, which means "efficacious" and "proportional" to the costs to implement; and (3) the accommodation must be necessary to provide the plaintiff with an equal opportunity to use and enjoy her housing. *Id.*

The initial problem with Craven's allegations is that she does not say what her disability is or identify how the Dane County Housing Authority discriminated against her because of her disability. Craven alleges that, in 2024, "the leasing process would fail to materialize due to whatever was happening at the Dane County Housing Authority" and that the Dane County Housing Authority "has rejected and ignored provisions regarding disabled participants in the housing choice voucher program." Dkt. 1, at 2. But these allegations do not identify any

conduct by the Dane County Housing Authority, or any of the individuals who work there, for which it could plausibly be liable for violating the Fair Housing Act or Americans with Disabilities Act. I assume that Craven's request "to participate in the home-ownership program as a reasonable accommodation" and her request for an office space both relate to her disability. But without information about the nature of Craven's disability I cannot assess whether the requested accommodations were reasonable or necessary.

I assume that Craven's allegations concerning her "exception to payment standard grants" also relate to her disability because HUD regulations allow a public housing agency to increase housing voucher payments as a reasonable accommodation for a person with a disability. *See* 24 C.F.R. § 982.503(d)(5). Craven alleges that Dane County Housing Authority did not comply with HUD policy when it required her to wait for HUD approval every time she requested an exception. But Craven does not provide details about what exception payment standard HUD initially approved for her or about the specific instances in which she was told that she would need to resubmit a request for a payment standard exception for a new property. Without those details, I cannot assess whether Craven's allegations concerning approval of an exception payment standard plausibly state a claim for relief.

As for Craven's contention that her Fourteenth Amendment right to due process was violated by her receiving "terse denials and no opportunity for hearing or appeal," Craven does not identify any particular action that Dane County Housing Authority took for which it did not provide her a hearing or opportunity to appeal. To prevail on a § 1983 procedural due process claim, a plaintiff must demonstrate that she: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). Because Craven's complaint does not identify

what interest she was deprived of without any opportunity to be heard, her complaint does not plausibly state a Fourteenth Amendment claim.

As for Craven's contention that Dane County Housing Authority tortiously interfered with her former doctor, the use of her voucher, and with prospective landlords, her sole non-conclusory allegation about the Dane County Housing Authority's interactions with any third party concerns her doctor. Craven alleges that after she submitted a request for a reasonable accommodation to have office space and granted permission for her former doctor to communicate with Dane County Housing Authority staff about her request, her housing specialist was switched and her "doctor withdrew her recommendation." Dkt. 1, at 2. Craven does not allege that any interaction occurred between her doctor and someone at Dane County Housing Authority, so her assertion that Dane County Housing Authority tortiously interfered with her doctor's support of her accommodation request is entirely speculative.

Because Craven's complaint does not comply with Rule 8, I will dismiss it. But I will give Craven a chance to file an amended complaint in which she explains what each of the named defendants specifically did to violate her rights. In drafting her amended complaint, Craven should simply state what rights she believes are at issue, what acts she believes violated her rights, the specific person or entity who committed those acts, and what relief she wants the court to provide for the violation of her rights. Craven should describe the events in sufficient detail that someone who knows nothing about her situation would understand what happened and why she believes she was harmed by it.

ORDER

IT IS ORDERED that:

1. Plaintiff Amanda Craven's complaint, Dkt. 1, is DISMISSED because it fails to state a claim for which I could grant relief.

2. Plaintiff may have until July 31, 2025, to file an amended complaint that fixes the problems identified in this order.

3. If plaintiff fails to comply with this order, I may dismiss the case.

4. If plaintiff moves while this case is pending, she must inform the court of her new address. If she fails to do this the court cannot locate her, this case may be dismissed.

5. The clerk of court is directed to send plaintiff a copy of the court's nonprisoner complaint package.

Entered June 30, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

7